## JAMES M. MATTHEWS, CONTRACTOR, *v.* N. S. WALKER, SHERIFF.

1. CRIMINAL PROCEDURE. *Punishment. County contractor.*
   The contractor is entitled to the custody of a convict sentenced to a fine and costs and imprisonment in the county jail, by virtue of the statute to reduce judiciary expenses (Acts 1878, p. 164), the fourth section whereof fixes the date when the prisoner's labor begins to be applied to the fine and costs.

2. SAME. *Expenses of keeping prisoner. Costs of habeas corpus.*
   The sheriff who keeps the prisoner in jail after the contractor demands him, and not the county or the prisoner, is chargeable with the jail fees, as well as the costs of a writ of *habeas corpus* sued out by the contractor to obtain custody.

3. SAME. *Duty of contractor. Prisoner's right to discharge.*
   Imprisonment until the fine and costs are paid is intended for a security only, and when they are satisfied the contractor should discharge the prisoner, provided the term for which he was sentenced by the court to imprisonment, as a part of the punishment, has expired.

APPEAL from the decision of Hon. THOS. Y. BERRY, Chancellor of the Tenth District of Mississippi, denying the

appellant's application by *habeas corpus* for the custody of a convict, and remanding him to the custody of the appellee.

*J. D. Vertner,* for the appellant.

The contractor, by virtue of Acts 1878, p. 164, was entitled to the custody of the prisoner. Sect. 4 does not conflict with this construction, which is in harmony with the spirit of the law. The appellant can gain nothing but his costs by this appeal, for the term has expired. But a construction of the law is desirable for the guidance of contractors and sheriffs. The title of the act, as well as the unqualified language of sects. 1 and 2 forbids the inference that the term of the imprisonment must be served in the jail, instead of at work with the contractor. If such a construction is adopted, the judiciary expenses will not be reduced ; and *all* persons convicted and committed to jail, except those sentenced for contempt and those to be imprisoned in the penitentiary, will not be delivered to the contractor.

No counsel for the appellee.

GEORGE, C. J., delivered the opinion of the court.

The appellant is the contractor for the keeping of prisoners in Claiborne County, under the provisions of an Act to reduce the judiciary expenses of the State, approved March 5, 1878 (Acts 1878, p. 164). One Daniel M'Carty was convicted in the Circuit Court of said county of a misdemeanor, and sentenced to the county jail for six months, and to pay a fine of two hundred and fifty dollars, and to stand committed till the fine and costs were paid. Immediately after the adjournment of the term of the court at which the conviction took place, the said contractor demanded the custody of M'Carty from the appellee, the sheriff of the county. This demand was refused, and thereupon the contractor sued out a writ of *habeas corpus* to recover the custody of the prisoner. The sheriff resisted the petition, upon the ground that he was entitled to the custody of the prisoner until the expiration of the six months' imprisonment, imposed as a punishment for his offence. Chancellor Berry, before whom the writ was made returnable, decided that the sheriff was entitled to the custody as claimed.

We think the Chancellor was in error. Sect. 2 of the act before referred to directs that all persons convicted and committed to the jail of the county, except those committed to the jail for a contempt of court, and those sentenced to the penitentiary, shall be delivered to the said contractor, to be kept and worked under the provisions of the act. M'Carty was convicted and committed to the jail of the county, and is not within the exceptions named, and ought therefore, under the above provision, to be delivered to the contractor, unless there is some other clause of the act which provides to the contrary. It is claimed that the contrary provision is found in sect. 4 of the act, where it is directed that " whenever said convict shall be sentenced to jail as a part of his punishment, he shall first serve out said term, and shall then commence to work to pay said fine and costs." This language cannot have the effect contended for ; since, by the second section above referred to, all persons convicted and committed to the jail of the county are to be delivered to the contractor. In other words, the contractor is substituted for the jailer in all cases of convictions and commitments to the jail of the county, with the exceptions before mentioned. The object of the language above quoted from the fourth section is meant to fix the date for the commencement of the labor of the prisoner, which is to be applied to the payment of the fine and costs, in cases where imprisonment is made a part of the punishment. This construction is also in accordance with the spirit and object of the act, which are to reduce costs and expenses. The contrary view must require the prisoner, or the county, to pay his jail fees during the time for which he was imprisoned as a punishment. It would operate hardly upon the public and the prisoner. For the guidance of the contractor, we state that the imprisonment for the costs and fine imposed by this act was intended solely to secure their payment ; and whenever these are paid, the prisoner is entitled to be discharged, provided the term for which he has been imprisoned as a part of his punishment has expired.

The judgment of the Chancellor is reversed, and judgment here entered directing the sheriff of Claiborne County to deliver said M'Carty to the appellant to be by him held under the

provisions of the act before mentioned.  The costs of the proceeding, both before the Chancellor and in this court, will be taxed against the appellee.  The cost of keeping the prisoner in jail, after the demand for him made by Matthews, is a just charge against the sheriff, who unlawfully refused to deliver him to the contractor, and cannot be charged against either the prisoner or the county.                              *So ordered.*